# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES NELSON, a/k/a JIMMIE AKINS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV411-119 |
| DOCTOR PERSON, Chatham County Jail, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is James Nelson's 42 U.S.C. § 1983 prisoner conditions complaint. Doc. 1. He moves for leave to file it *in forma pauperis* (IFP), doc. 2, has included the requisite IFP consent and account statement information, *id.* at 2-4, and meets the IFP criteria, so the Court **GRANTS** it. The Court will thus screen his complaint under 28 U.S.C. § 1915A (requiring courts to identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any

prisoner suit brought "with respect to prison conditions"); and 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## A. The Merits

Nelson contends that while he was working in the Jail's kitchen (as an inmate), he slipped on a wet spot on the kitchen's floor and fell, causing a pan load of cooking string beans to come "down on [his] leg." *Id.* at 6. A nurse brought him to the jail's infirmary and called Dr. Person, who told her to wrap his leg, give him some medication, and return plaintiff to his sleeping quarters. *Id.* The next day, Nelson awoke with a temperature, so the nurse directed him to stay in the infirmary overnight. *Id.* at 7. Still running a temperature the next morning,

---

[1] In that regard, this Court takes

> the well-pleaded factual allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir.1997). Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell*, 112 F.3d at 1490. Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation marks omitted).

*Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010).

she decided now that I should go to the hospital. They take me to a [Savannah, Georgia] hospital. One look at my leg they say there is nothing they can do for me, because my burns are too severe and I need to be taken to Augusta[, Georgia] burn center. I arrive in Augusta and they ask me when did the accident happen. I tell them two days earlier and they said I should have been seen at a[n] emergency room as soon as it happened. I underwent two surgery[ies]. . . . They have video of my leg. . . .

*Id.* Nelson is "asking for legal counsel and to discuss possible settlement for malpractice and for pain and suffering." *Id.*; *see also id.* at 3-5 (essentially restating the same factual allegations but with some additional details). Nelson sues only Dr. Person. Doc. 1.

A prison official cannot be found liable under the Eighth Amendment unless he knows of and disregards an excessive risk to the inmate's health or safety. He must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[2] Nelson does *not* allege

---

[2] As the *Thomas* court explained:

Deliberate indifference to a prisoner's medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir.2009). To establish the second element,

3

what the nurse told Dr. Persons about his wound's severity. Was he aware of it and thus deliberately indifferent by "phoning it in" rather than seeing Nelson personally to properly treat it? That is a question Nelson should have presented to the Jail's officials through its administrative grievance system so they could try to resolve his claim.[3]

But Nelson failed to do that. Doc. 1 at 2 ("my grievance is with Chatham County Jail[, ] not the state prison system [in which he is presently incarcerated]"). And the "Prison Litigation Reform Act ('PLRA') . . . mandates that a plaintiff inmate exhaust administrative

---

deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

399 F. App'x at 510; *see also Bugge v. Roberts*, 2011 WL 1885537 at * 4 (11th Cir. May 18, 2011) ("A defendant, however, may escape liability if he did not have subjective knowledge of the risk to begin with. This subjective knowledge must be specific, as we have held that 'imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference.' *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir.2008). This question of '[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact,' and such knowledge may be inferred based on the obviousness of the risk. *Farmer*, 511 U.S. at 842, 844–45.").

[3] The Jail has a grievance process. *See, e.g., Jones v. St. Lawrence*, CV410–066, 2011 WL 1831726 at * 1-2 (S.D. Ga. May 12, 2011).

remedies prior to filing an Eighth Amendment suit. 42 U.S.C. § 1997e(a); *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)." *Thomas v. Bryant*, 614 F.3d 1288, 1303 n. 15 (11th Cir. 2010). This

> requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA merely requires "[c]ompliance with prison grievance procedures ... to 'properly exhaust' them." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

*Bugge*, 2011 WL 1885537 at * 1.

In that regard, "[a] prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim." *Parzyck v. Prison Health Services*, Inc., 627 F.3d 1215, 1218 (11th Cir. 2010). And the exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Cox v. Mayer*, 332 F.3d 422, 424-28 (6th Cir. 2003) (the grievance requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody). The Chatham County Jail has long

5

had a grievance procedure. *See, e.g., Jones* 2011 WL 1831726 at * 1-2.

Nelson's transfer from the Jail to a state prison did not relieve him of his exhaustion obligation. *See Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) ("Bryant was ... transferred to another prison where the threat of violence was removed. There, he could have filed an out-of-time grievance and then shown good cause for its untimeliness. Because he did not, Bryant failed to exhaust an administrative remedy that was available to him."); *Smith v. LeBlanc*, 2010 WL 3431683 at * 3 (M.D. Ga. Aug. 30, 2010). "All Plaintiff had to do was comply with these requirements and complete the administrative review process before filing his original complaint." *Logan v. Chestnut*, 2011 WL 1419647 at * 2 (M.D. Fla. Apr. 13, 2011) (quotes and cite omitted). Nelson did not.

Accordingly, this case should be **DISMISSED WITHOUT PREJUDICE**.

## B. Plaintiff's PLRA-Payment Obligation

Meanwhile, it is time for plaintiff to pay the piper. Based on his furnished information, doc. 2 at 1 ($0.00 monthly balance for the last six

months),[4] the Court has determined that he has had no funds in his prison account during the past six months and therefore does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "*when* funds exist," a specific 20% formula) (emphasis added). **IT IS THEREFORE ORDERED** that, hereafter, plaintiff's custodian (or his designee) shall set aside 20 percent of all future deposits to plaintiff's trust fund account and forward those funds to the Clerk (payable to the "Clerk of Court") each time the set aside amount exceeds $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. CV411-119. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Report and Recommendation (R&R) and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new

---

[4] The submitted account information shows a nominal (about $10) average balance, but fails to show the full six months contemplated by 28 U.S.C. § 1915(a)(3)(b)(1), so the Court will grant Nelson the benefit of the doubt and deem a zero balance to exist.

custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this R&R and a copy of the Consent to Collection of Fees from Trust Account shall be served upon the plaintiff and his current custodian. In that respect, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian (John Young, doc. 2 at 2, 4) immediately, as this "accounting" portion ("Part B" of this R&R) is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.

**SO REPORTED AND RECOMMENDED** this 13th day of June, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA